## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATASHA GREGG,<br><br>               Plaintiff,<br><br>v.<br><br>SYNCHRONY FINANCIAL,<br><br>               Defendant. | **Case No.: 1:20-cv-04726**<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Synchrony Bank, incorrectly named as Synchrony Financial ("Synchrony"), by and through its undersigned counsel, hereby Answers the Complaint ("Complaint") of Plaintiff Natasha Gregg, and for its Answer and Defenses states as follows:

### INTRODUCTION

1.    Answering Paragraph 1 of the Complaint, there are no factual averments. Therefore, no response is required. To the extent a response is required, Synchrony denies that it violated the FCRA and further denies that it is liable to Plaintiff under any theory of law for any alleged damages.

2.    Answering Paragraph 2 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies any allegation inconsistent with the plain language of the FCRA.

3.    Answering Paragraph 3 of the Compliant, to the extent the allegations are directed to Synchrony, Synchrony denies the allegations and denies that it violated the FCRA. The remaining allegations in Paragraph 3 are not directed at Synchrony, and therefore, no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief and therefore denies them.

4.    Answering Paragraph 4 of the Complaint, Synchrony denies the allegations.

## JURISDICTION AND VENUE

5. Answering Paragraph 5 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them.

6. Answering Paragraph 6 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them.

## PARTIES

7. Answering Paragraph 7 of the Complaint, Synchrony lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's residence and on that basis, denies them.

8. Answering Paragraph 8 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them.

9. Answering Paragraph 9 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them.

10. Answering Paragraph 10 of the Complaint, Synchrony denies the allegations and denies it violated the FCRA.

## GENERAL FACTUAL ALLEGATIONS

11. Answering Paragraph 11 of the Complaint, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them.

12. Answering Paragraph 12 of the Complaint, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them.

13. Answering Paragraph 13 of the Complaint, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them.

14. Answering Paragraph 14 of the Complaint, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them.

15. Answering Paragraph 15 of the Complaint, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them.  By way of further response, Synchrony denies that it has furnished inaccurate information with respect to Plaintiff.

16. Answering Paragraph 16 of the Complaint, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them.

17. Answering Paragraph 17 of the Complaint, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them.

18. Answering Paragraph 18 of the Complaint, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them.  By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

19. Answering Paragraph 19 of the Complaint, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them.

20. Answering Paragraph 20 of the Complaint, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them.

21. Answering Paragraph 21 of the Complaint, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

22. Answering Paragraph 22 of the Complaint, Synchrony lacks sufficient information or knowledge to admit or deny the allegations and, on that basis, denies them. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

23. Answering Paragraph 23 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies any allegation inconsistent with the plain language of the FCRA. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

24. Synchrony denies the allegations in Paragraph 24. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

25. Synchrony denies the allegations in Paragraph 25. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

26. Synchrony denies the allegations in Paragraph 26. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

27. Answering Paragraph 27, the allegations are denied. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

28. Answering Paragraph 28, the allegations are denied. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

29. Synchrony denies the allegations in Paragraph 29. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs, and further denies that it furnished information concerning Plaintiff relating to a "Guitar Center" account.

30. Synchrony denies the allegations in Paragraph 30. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs, and further denies that it furnished information concerning Plaintiff relating to a "Guitar Center" account.

31. Answering Paragraph 31 of the Complaint, Synchrony lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

32. Answering Paragraph 32 of the Complaint, Synchrony lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

33. Answering Paragraph 33 of the Complaint, Synchrony denies the allegations. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

34. Answering Paragraph 34 of the Complaint, Synchrony lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

35. Answering Paragraph 35 of the Complaint, Synchrony denies the allegations. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

36. Answering Paragraph 36 of the Complaint, Synchrony denies the allegations. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

37. Answering Paragraph 37 of the Complaint, Synchrony lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

38. Answering Paragraph 38 of the Complaint, Synchrony lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

39. Answering paragraph 39 of the Complaint, Synchrony denies the allegations. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

40. Answering Paragraph 40 of the Complaint, Synchrony denies the allegations. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

## COUNT I
## Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

41. Answering Paragraph 41 of the Complaint, Synchrony repeats and re-alleges each of the answers to Paragraphs 1 through 40 as set forth above, as though each was set forth in full.

42. Answering Paragraph 42 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies any allegation inconsistent with the plain language of the FCRA. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

43. Answering Paragraph 43 of the Compliant, Plaintiff constitute conclusions of law, and therefore no further response is required. To the extent a response is required, Synchrony denies any allegation inconsistent with the plain language of the FCRA.

44. Synchrony denies the allegations in Paragraph 44. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

45. Synchrony denies the allegations in Paragraph 45. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

46. Synchrony denies the allegations in Paragraph 46. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

47. Answering Paragraph 47, the allegations are denied. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

48. Answering Paragraph 48, the allegations are denied. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

49. Answering Paragraph 49, the allegations are denied. By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

50. Answering Paragraph 50, the allegations constitute conclusions of law, and therefore no further response is required. To the extent a response is required, Synchrony denies the allegations in the paragraph. By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

51. Answering the allegations in Paragraph 51, the allegations constitute conclusions of law, and therefore no further response is required. To the extent a response is required, Synchrony denies the allegations in the paragraph. By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

52. Answering the allegations in Paragraph 52, the allegations constitute conclusions of law, and therefore no further response is required. To the extent a response is required, Synchrony denies to the extent they misstate applicable law, and denies that it violated the FCRA

in any way.  By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

53.    Answering Paragraph 53, Synchrony lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.  Answering further, Synchrony denies that it violated the FCRA.  By way of further response, Synchrony denies that it ever received a dispute from Plaintiff by way of an ACDV from any of the CRAs.

54.    Answering Paragraph 54, the allegations constitute conclusions of law, and therefore no further response is required.  To the extent a response is required, Synchrony denies the allegations in the paragraph.  By way of further response, Synchrony denies that Plaintiff is entitled to any relief claimed in the Complaint, or any relief whatsoever.

## JURY DEMAND

Synchrony states that this paragraph is a demand by the Plaintiff for a jury trial, to which no response is required.

## PRAYER FOR RELIEF

Synchrony denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## DEFENSES

Synchrony hereby alleges the following separate and distinct defenses without conceding that it necessarily bears the burden of proof or persuasion on any of the same.

## FIRST DEFENSE

(No Receipt of Notice of Dispute)

Any obligations Synchrony allegedly had under §1681s-2(b) of the FCRA were never triggered because Synchrony did not receive a notice of dispute from any CRA with respect to Plaintiff.

## SECOND DEFENSE
(Failure to State a Claim)

The Complaint, and each claim therein, fails to set forth facts sufficient to state a claim against Synchrony.

## THIRD DEFENSE
(Waiver)

Plaintiff's claims are barred by the equitable doctrine of waiver.

## FOURTH DEFENSE
(Statute of Limitations)

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## FIFTH DEFENSE
(Consistent with Law and Applicable Regulations)

The Complaint and each claim set forth therein are barred because Synchrony's conduct was consistent with all applicable laws and regulations.

## SIXTH DEFENSE
(Good Faith)

Plaintiff's claims are barred because Synchrony's conduct was at all times undertaken in good faith.

## SEVENTH DEFENSE
(Mistake)

Any alleged acts or omissions of Synchrony that give rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Synchrony.

## EIGHTH DEFENSE
(No Causation)

Plaintiff is barred, in whole or in part, from recovering from Synchrony on any of Plaintiff's claims because there is no causal relationship between any injury alleged to have been suffered and any act of Synchrony.

## NINTH DEFENSE
(Fault of Plaintiff)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not by Synchrony.

## TENTH DEFENSE
(Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Synchrony.

## ELEVENTH DEFENSE
(No Damages)

Plaintiff did not suffer any damages.

## TWELFTH DEFENSE
(Speculative Damages)

Plaintiff's alleged damages are speculative and not capable of being determined with reasonable certainty.

## THIRTEENTH DEFENSE
(Mitigation)

Plaintiff's claims are barred, in whole or in part, by the failure to exercise reasonable care to mitigate Plaintiff's alleged damages, if any.

## FOURTEENTH DEFENSE
(No Concrete Injury)

Plaintiff suffered no actual "concrete" injury and therefore lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).

## FIFTEENTH DEFENSE
(Truth)

Plaintiff's claims are barred because the information reported by Synchrony was true and accurate.

## SIXTEENTH DEFENSE
(Arbitration)

Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account and Synchrony reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

## SEVENTEENTH DEFENSE
(Additional Defenses Reserved)

Synchrony has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Synchrony expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**WHEREFORE**, Synchrony respectfully requests the dismissal of the Complaint with prejudice and awarding costs of suit, including attorneys' fees and costs, and all other and further relief that this Court may deem just and equitable.

Dated:   New York, New York
         December 4, 2020

**REED SMITH LLP**

By: /s/ *Avery I. Normyle*
Avery I. Nagy-Normyle, Esq.
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Fax: (212) 521-5450
anormyle@reedsmith.com

*Counsel for Defendant Synchrony Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2020 I caused a true and correct copy of the forgoing to be served via the CM/ECF system, which will send notification of such filing to the e-mail address of all counsel of record.

By: */s/ Avery I. Normyle*
Avery I. Nagy-Normyle, Esq.
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Fax: (212) 521-5450
anormyle@reedsmith.com

*Counsel for Defendant Synchrony Bank*